IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Phillip Solan,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　　Defendants. | No. CV-24-2061-PHX-JJT (DMF)<br><br>**ORDER** |

This matter is before the Court on Defendants State of Arizona, Sheldon, Bowen, Carter, and Coleman ("Defendants") Motion to Dismiss Counts One, Four, Eleven, and Twelve of Plaintiff's First Amended Complaint (Doc. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants mailed a copy of the motion to dismiss to Plaintiff (Doc. 13 at 18).

Rule 12.1(c) Rules of Practice of the U.S. District Court for the District of Arizona ("LRCiv" or "Local Rules" or "Local Rules of Civil Procedure") states:

> **(c) Motions to Dismiss for Failure to State a Claim or for Judgment on the Pleadings.** No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. The movant may

>comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily.

Despite the mandatory requirement of conferral, Defendants' counsel "considered" complying but decided not to do so, claiming futility of such conferral despite that there is no futility exception in the rule (Doc. 13-1 at 2-3):

>Pursuant to LRCiv 12.1(c), counsel for Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'Cher Carter, and Unique Coleman hereby certifies that she considered attempting to confer with Plaintiff about the deficiencies that she perceives with the claims from the First Amended Complaint (doc. 6) that survived the Court's screening Order (doc. 8). However, given that Plaintiff already has filed a Second Amended Complaint (doc. 10), she has concluded that such efforts would be futile.

(*Id.*).

After the Court had twice screened lengthy complaints by Plaintiff in this matter and before Defendants appeared, Plaintiff filed a motion for leave to file a second amended complaint which attached a proposed second amended complaint with markups in compliance with LRCiv 15.1 (Doc. 9); Plaintiff also lodged an accompanying proposed second amended complaint which did not contain the LRCiv 15.1 markups (Doc. 10). In the motion to amend, Plaintiff states his intent is an attempt to cure deficiencies identified by the Court in the Court's most recent screening order (Doc. 9 at 1). This reason demonstrates to the Court that LRCiv 12.1(c)'s conferral requirement should not be excused for anticipated futility even if futility were a valid excuse for non-compliance with the rule. Per LRCiv 12.1(c), the Court will summarily strike the Defendants' Motion to Dismiss Counts One, Four, Eleven, and Twelve of Plaintiff's First Amended Complaint (Doc. 13).

This matter is also before the Court on Plaintiff's motion for leave to file a second amended complaint and the accompanying proposed second amended complaint (Docs. 9, 10). Plaintiff's motion states that he has not conferred with Defendants because they had not been served at the time of the filing of his motion (Doc. 9 at 1). The Court recognizes

that Plaintiff may choose to file a different proposed Second Amended Complaint after conferral with Defendants' counsel as Plaintiff's current proposed Second Amended Complaint did not contain amendments (other than renumbering) pertinent to the counts to which the Court ordered Defendants to respond and which Defendants believe are deficient (Docs. 9, 10).  Further, it would be beneficial for case management purposes for Plaintiff and Defendants' counsel to discuss other amendments to the operative complaint claims before Plaintiff decides whether to pursue a second amended complaint and the contents of a proposed second amended complaint.

Accordingly, and for the orderly and efficient management of this matter,

**IT IS HEREBY ORDERED** summarily striking Defendants' Motion to Dismiss Counts One, Four, Eleven, and Twelve of Plaintiff's First Amended Complaint (Doc. 13) for non-compliance with LRCiv 12.1(c).

**IT IS FURTHER ORDERED** that Plaintiff and Defendants shall **promptly** telephonically confer about the deficiencies identified in Defendants' stricken motion to dismiss as well as about amendments Plaintiff may seek regarding any claims against Defendants in this matter.

**IT IS FURTHER ORDERED** that Defendants shall respond to the operative claims in Plaintiff's First Amended Complaint **within twenty-one (21) days** of the filing date of this Order.

**IT IS FURTHER ORDERED** that **denying without prejudice** Plaintiff's motion for leave to file a second amended complaint and the accompanying proposed second amended complaint (Docs. 9, 10).

Dated this 27th day of February, 2025.

_____
Honorable Deborah M. Fine
United States Magistrate Judge