Ann Hobart, Bar No. 019129
Jordan Kendall, Bar No. 038647
Assistant Attorneys General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-8347
(602) 542-7687
Facsimile: (602) 542-7644
Ann.Hobart@azag.gov
Jordan.Kendall@azag.gov
EmploymentLaw@azag.gov

Attorneys for Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'cher Carter, and Unique Coleman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Phillip Solan,<br><br>Plaintiff,<br><br>vs.<br><br>The State of Arizona; Jennifer L. Cunico; Michael R. Sheldon; Aaron Bowen, Calvin J. Flowers; Steven Kwoh; Kindra Ochoa, Lea'cher Carter, Unique Coleman; John Does 1-100; Jane Does 1-100; Black Corporations 1-10; and White Entities 1-10,<br><br>Defendants. | Case No: CV24-02061-JJT-DMF<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES, AND DISGORGEMENT, AND FOR INJUNCTIVE, DECLARATORY, AND OTHER RELIEF (DOC. 6)** |

Pursuant to the Order entered on May 27, 2025 (doc. 31), Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'cher Carter, and Unique Coleman, through counsel undersigned, for their Answer to Plaintiff's First Amended Complaint (doc. 6), admit, deny, and allege as follows. Defendants deny each and every allegation not otherwise admitted or pled.

**JURISDICTION AND VENUE**

1. Answering paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

2. Answering paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit that this court has jurisdiction. Defendants deny that they deprived Plaintiff of his rights.

3. Answering paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

4. Answering paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

5. Answering paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

6. Answering paragraph 6 of Plaintiff's First Amended Complaint, Defendants state that this is not a factual allegation and therefore does not require a response.

7. Answering paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

**PARTIES**

PLAINTIFF

8. Answering paragraph 8 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff suffers from CIRS. Defendant admits the remaining allegations in paragraph 8.

9. Answering paragraph 9 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

10. Answering paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

11. Answering paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

12. Answering paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

13. Answering paragraph 13 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

14. Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

15. Answering paragraph 15 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

FOXY

16. Answering paragraph 16 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

17. Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

18. Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

19. Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

20. Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

DEFENDANTS

21. Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

22. Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

23. Answering paragraph 23 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

24. Answering paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

25. Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

26. Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit this allegation. However, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico has been dismissed from this lawsuit.

27. Answering paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit this allegation. However, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico has been dismissed from this lawsuit.

28. Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendants admit this allegation. However, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico has been dismissed from this lawsuit.

29. Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendants admit this allegation. However, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico has been dismissed from this lawsuit.

30. Answering paragraph 30 of Plaintiff's First Amended Complaint, Defendants deny this allegation. Moreover, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico has been dismissed from this lawsuit.

31. Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

32. Answering paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

33. Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

34. Answering paragraph 34 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

35. Answering paragraph 35 of Plaintiff's First Amended Complaint, Defendants deny the allegation that Bowen was Deputy Director of ADHS and Superintendent and Chief Executive Officer of ASH at all times relevant to the Complaint.

36. Answering paragraph 36 of Plaintiff's First Amended Complaint, Defendants note that pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Steven Kwoh has been dismissed from this lawsuit.

37. Answering paragraph 37 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

38. Answering paragraph 38 of Plaintiff's First Amended Complaint, Defendants note that pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Calvin J. Flowers has been dismissed from this lawsuit.

39. Answering paragraph 39 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

40. Answering paragraph 40 of Plaintiff's First Amended Complaint, Defendants note that pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Kindra Ochoa has been dismissed from this lawsuit.

41. Answering paragraph 41 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

42. Answering paragraph 42 of Plaintiff's First Amended Complaint, Defendants note that pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Kindra Ochoa has been dismissed from this lawsuit.

43. Answering paragraph 43 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

44. Answering paragraph 44 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

45. Answering paragraph 45 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

46. Answering paragraph 46 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

47. Answering paragraph 47 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

48. Answering paragraph 48 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

49. Answering paragraph 49 of Plaintiff's First Amended Complaint, Defendants deny this allegation. Pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), John Does 1-100, Jane Does 1-100, Black Corporations 1-10, and White Entities 1-10 have been dismissed from this lawsuit.

50. Answering paragraph 50 of Plaintiff's First Amended Complaint, Defendants note that pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), John Does 1-100, Jane Does 1-100, Black Corporations 1-10, and White Entities 1-10 have been dismissed from this lawsuit.

51. Answering paragraph 51 of Plaintiff's First Amended Complaint, Defendants deny this allegation. Moreover, pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8), Jennifer L. Cunico, Steven Kwoh, Calvin J. Flowers, Kindra Ochoa, John Does 1-100, Jane Does 1-100, Black Corporations 1-10, and White Entities 1-10 have been dismissed from this lawsuit.

## **STATEMENT OF FACTS**

### GENERAL AVERMENTS

52. Answering paragraph 52 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

53. Answering paragraph 53 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

54. Answering paragraph 54 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

55. Answering paragraph 55 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

56. Answering paragraph 56 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff was admitted to the Arizona State Hospital ("ASH") after being adjudicated guilty except insane. Defendants deny the remaining allegations.

57. Answering paragraph 57 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

58. Answering paragraph 58 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

59. Answering paragraph 59 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

60. Answering paragraph 60 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

61. Answering paragraph 61 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

62. Answering paragraph 62 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

63. Answering paragraph 63 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

64. Answering paragraph 64 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

65. Answering paragraph 65 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

FOXY THE FIRST

66. Answering paragraph 66 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

67. Answering paragraph 67 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff requested an accommodation to have a service animal accompany him at the ASH. Defendants also admit that Plaintiff's request was denied. Defendants deny the remaining allegations.

68. Answering paragraph 68 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff was denied an accommodation he required. Defendants admit the remaining allegations in paragraph 68.

69. Answering paragraph 69 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff filed a Motion or Preliminary Injunction and deny the remaining allegations.

70. Answering paragraph 70 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

71. Answering paragraph 71 of Plaintiff's First Amended Complaint, Defendants admit that this was Plaintiff's contention. Defendants deny that the ASH's refusal to allow Plaintiff's dog to live with him violated the ADA.

72. Answering paragraph 72 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

73. Answering paragraph 73 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

74. Answering paragraph 74 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

75. Answering paragraph 75 of Plaintiff's First Amended Complaint, Defendants admit that a court granted Plaintiff's motion for a preliminary injunction

requiring Defendants to conduct a particularized assessment as to whether Plaintiff can use Foxy while at ASH. Defendants also admit that that court found Plaintiff was likely to succeed on the merits of a claim in that case. Defendants deny the remaining allegations.

76. Answering paragraph 76 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

77. Answering paragraph 77 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

78. Answering paragraph 78 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

79. Answering paragraph 79 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

80. Answering paragraph 80 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation and therefore deny it.

81. Answering paragraph 81 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

82. Answering paragraph 82 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

83. Answering paragraph 83 of Plaintiff's First Amended Complaint, Defendants admit that the particularized assessment letter did not consider the effect of having Foxy admitted to the Forensic Hospital would have on other patients. Defendants deny the implication that that was a requirement of the Particularized Assessment.

84. Answering paragraph 84 of Plaintiff's First Amended Complaint, deny this allegation. Defendants state that they discussed with factual specificity the reasons that numerous ASH policies could not be modified to accommodate Foxy.

85. Answering paragraph 85 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

86. Answering paragraph 86 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

87. Answering paragraph 87 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

88. Answering paragraph 88 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

89. Answering paragraph 89 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

90. Answering paragraph 90 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

91. Answering paragraph 91 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

92. Answering paragraph 92 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

93. Answering paragraph 93 of Plaintiff's First Amended Complaint, Defendants admit that Holly R. Gieszl represented Plaintiff and deny that Plaintiff accurately characterized the Particularized Assessment.

94. Answering paragraph 94 of Plaintiff's First Amended Complaint, Defendants do not dispute this allegation.

FOXY THE SECOND

95. Answering paragraph 95 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

96. Answering paragraph 96 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

97. Answering paragraph 97 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

98. Answering paragraph 98 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

99. Answering paragraph 99 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

100. Answering paragraph 100 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

101. Answering paragraph 101 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

102. Answering paragraph 102 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

103. Answering paragraph 103 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

104. Answering paragraph 104 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

105. Answering paragraph 105 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

106. Answering paragraph 106 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

107. Answering paragraph 107 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

108. Answering paragraph 108 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

109. Answering paragraph 109 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

110. Answering paragraph 110 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

111. Answering paragraph 111 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

112. Answering paragraph 112 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

113. Answering paragraph 113 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

114. Answering paragraph 114 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

115. Answering paragraph 115 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

116. Answering paragraph 116 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

117. Answering paragraph 117 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff sent Defendant Sheldon a letter on June 13, 2024, but deny that the accommodation request it contained was reasonable.

118. Answering paragraph 118 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

119. Answering paragraph 119 of Plaintiff's First Amended Complaint, Defendants deny that Foxy II is a service dog trained for Plaintiff. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

120. Answering paragraph 120 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

121. Answering paragraph 121 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny this allegation.

122. Answering paragraph 122 of Plaintiff's First Amended Complaint, Defendants admit that ASH denied Plaintiff's accommodation request without an updated assessment. Defendants deny the remaining allegations.

123. Answering paragraph 123 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

124. Answering paragraph 124 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

125. Answering paragraph 125 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

126. Answering paragraph 126 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

127. Answering paragraph 127 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

128. Answering paragraph 128 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

129. Answering paragraph 129 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff alleges that the request implied that allowing Foxy II to visit was required by the ADA but Defendants deny the truth of this allegation.

130. Answering paragraph 130 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

131. Answering paragraph 131 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

132. Answering paragraph 132 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

133. Answering paragraph 133 of Plaintiff's First Amended Complaint, Defendants deny that Mr. Cowsert was excluded. Defendants admit the remaining allegations in paragraph 133.

134. Answering paragraph 134 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff has accurately quoted Exhibit J. Defendants lack sufficient knowledge or information to admit or deny the truth of the statements included in Exhibit J.

135. Answering paragraph 135 of Plaintiff's First Amended Complaint, Defendants admit that this was Mr. Cowsert's testimony. Defendants lack sufficient knowledge or information to admit or deny the truth of his testimony.

136. Answering paragraph 136 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

137. Answering paragraph 137 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

138. Answering paragraph 138 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

139. Answering paragraph 139 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

140. Answering paragraph 140 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

141. Answering paragraph 141 of Plaintiff's First Amended Complaint, Defendants admit this allegation, however, Plaintiff's CGA Complaint was dismissed on November 5, 2024, not November 8.

142. Answering paragraph 142 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff could not appeal the dismissal of his CGA Complaint. Defendants admit that for the purposes of the Prison Litigation Reform Act Plaintiff exhausted his administrative remedies.

143. Answering paragraph 143 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

144. Answering paragraph 144 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

145. Answering paragraph 145 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

146. Answering paragraph 146 of Plaintiff's First Amended Complaint, Defendants deny that the ASH acted callously or made false claims. Defendants admit that the ASH determined Plaintiff's allegations of self-harm, anxiety, and suicidal ideation due to not having Foxy with him were not supported.

THE INSANE ASYLUM TRUST

147. Answering paragraph 147 through 163 of Plaintiff's First Amended Complaint, Defendants state that the Thirteenth Cause of Action (pertaining to these allegations related to the Insane Asylum Trust) was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8). Therefore, no answer is necessary.

## STATEMENT OF CLAIMS

### FOR THE FIRST CAUSE OF ACTION:

VIOLATIONS OF TITLE II'S PROHIBITION ON DISCRIMINATION

148. Answering paragraph 164 of Plaintiff's First Amended Complaint, Defendants state that this is not a factual allegation and therefore requires no response.

149. Answering paragraph 165 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

150. Answering paragraph 166 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

151. Answering paragraph 167 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

152. Answering paragraph 168 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

153. Answering paragraph 169 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

154. Answering paragraph 170 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

155. Answering paragraph 171 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

156. Answering paragraph 172 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

157. Answering paragraph 173 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

158. Answering paragraph 174 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

159. Answering paragraph 175 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

160. Answering paragraph 176 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

161. Answering paragraph 177 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

**FOR THE SECOND CAUSE OF ACTION:**

VIOLATIONS OF TITLE III'S PROHIBITION ON DISCRIMINATION

162. Answering paragraph 178 through 190 of Plaintiff's First Amended Complaint, Defendants state that the Second Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**FOR THE THIRD CAUSE OF ACTION**

VIOLATIONS OF THE ADA'S PROHIBITION ON RETALIATION

163. Answering paragraph 191-197 of Plaintiff's First Amended Complaint, Defendants state that the Third Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE FOURTH CAUSE OF ACTION:**

VIOLATIONS OF SECTOIN 504 OF THE REHABILITATION ACT

164. Answering paragraph 198 of Plaintiff's First Amended Complaint, Defendants state that this is not a factual allegation and therefore requires no response.

165. Answering paragraph 199 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

166. Answering paragraph 200 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

167. Answering paragraph 201 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

168. Answering paragraph 202 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

169. Answering paragraph 203 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

170. Answering paragraph 204 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

**AS FOR THE FIFTH CAUSE OF ACTION:**

VIOLATIONS OF THE EIGHTH AMENDMENT

171. Answering paragraph 205-217 of Plaintiff's First Amended Complaint, Defendants state that the Fifth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE SIXTH CAUSE OF ACTION:**

REGULATORY TAKING WITHOUT DUE PROCESS

172. Answering paragraph 218-229 of Plaintiff's First Amended Complaint, Defendants state that the Sixth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE SEVENTH CAUSE OF ACTION:**

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

173. Answering paragraph 230-242 of Plaintiff's First Amended Complaint, Defendants state that the Seventh Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE EIGHTH CAUSE OF ACTION:**

FAILURE TO PREVENT CONSPIRACY AGAINST CIVIL RIGHTS

174. Answering paragraph 243-253 of Plaintiff's First Amended Complaint, Defendants state that the Eighth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE NINTH CAUSE OF ACTION:**

NEGLIGENCE, GROSS NEGLIGENCE, NEGLIGENCE PER SE

175. Answering paragraph 254-270 of Plaintiff's First Amended Complaint, Defendants state that the Ninth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE TENTH CAUSE OF ACTION:**

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

176. Answering paragraph 271-277 of Plaintiff's First Amended Complaint, Defendants state that the Tenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE ELEVENTH CAUSE OF ACTION:**

INVASION OF PRIVACY (FALSE LIGHT)

177. Answering paragraph 278 of Plaintiff's First Amended Complaint, Defendants state that this is not a factual allegation and therefore requires no response.

178. Answering paragraph 279 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

179. Answering paragraph 280 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

180. Answering paragraph 281 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

181. Answering paragraph 282 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

182. Answering paragraph 283 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

183. Answering paragraph 284 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

**AS FOR THE TWELFTH CAUSE OF ACTION:**

LIBEL, SLANDER, DEFAMATION OF CHARACTER

184. Answering paragraph 285 of Plaintiff's First Amended Complaint, Defendants state that this is not a factual allegation and therefore requires no response.

185. Answering paragraph 286 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

186. Answering paragraph 287 of Plaintiff's First Amended Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of this allegation.

187. Answering paragraph 288 of Plaintiff's First Amended Complaint, Defendants admit this allegation.

188. Answering paragraph 289 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

189. Answering paragraph 290 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

190. Answering paragraph 291 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

191. Answering paragraph 292 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

192. Answering paragraph 293 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

193. Answering paragraph 294 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

194. Answering paragraph 295 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

195. Answering paragraph 296 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

196. Answering paragraph 297 of Plaintiff's First Amended Complaint, Defendants deny this allegation.

**AS FOR THE THIRTEENTH CAUSE OF ACTION:**

BREACH OF TRUST

197. Answering paragraph 298-312 of Plaintiff's First Amended Complaint, Defendants state that the Thirteenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE FOURTEENTH CAUSE OF ACTION:**

TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC RELATIONSHIP

198. Answering paragraph 313-318 of Plaintiff's First Amended Complaint, Defendants state that the Fourteenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE FIFTEENTH CAUSE OF ACTION:**

TRESPASS TO CHATTELS

199. Answering paragraph 319-325 of Plaintiff's First Amended Complaint, Defendants state that the Fifteenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE SIXTEENTH CAUSE OF ACTION:**

CIVIL CONSPIRACY

200. Answering paragraph 326-331 of Plaintiff's First Amended Complaint, Defendants state that the Sixteenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AS FOR THE SEVENTEENTH CAUSE OFACTION:**

LOSS OF CONSORTIUM

201. Answering paragraph 332-341 of Plaintiff's First Amended Complaint, Defendants state that the Seventeenth Cause of Action was dismissed pursuant to the Court's Screening Order entered December 10, 2024 (doc. 8).

**AFFIRMATIVE DEFENSES**

1. Some of the claims asserted in the Complaint are subject to dismissal for failure to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his alleged damages.

3. All of Defendants' actions toward Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

4. Plaintiff's claims may be barred by other affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of such affirmative defenses cannot be determined until Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein.

Respectfully submitted this 10th day of June, 2025.

Arizona Attorney General's Office

/s/ Jordan Kendall
Ann Hobart
Jordan Kendall
Assistant Attorneys General
Attorneys for Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'cher Carter, and Unique Coleman

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing this 10th day of June, 2025.

COPY mailed and emailed this 10th day of June, 2025, to:

Matthew P. Solan
c/o Arizona State Hospital
501 N. 24th Street
Phoenix, Arizona 85008-6056
legal@fox-ranch.com
Plaintiff

COPY of the foregoing mailed this 10th day of June, 2025, to:

The Honorable Deborah M. Fine
U.S. District Court, Suite 321
401 W. Washington Street, SPC 15
Phoenix, AZ 85003-2120

/s/ Michelle Cruz