# EXHIBIT AA

Ann Hobart, Bar No. 019129
Jordan Kendall, Bar No. 038647
Assistant Attorneys General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-8347
(602) 542-7687
Facsimile: (602) 542-7644
Ann.Hobart@azag.gov
Jordan.Kendall@azag.gov
EmploymentLaw@azag.gov

Attorneys for Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'cher Carter, and Unique Coleman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Matthew Phillip Solan,

Plaintiff,

vs.

The State of Arizona; Jennifer L. Cunico; Michael R. Sheldon; Aaron Bowen, Calvin J. Flowers; Steven Kwoh; Kindra Ochoa, Lea'cher Carter, Unique Coleman; John Does 1-100; Jane Does 1-100; Black Corporations 1-10; and White Entities 1-10,

Defendants.

Case No: CV24-02061-JJT-DMF

**RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MICHAEL R. SHELDON**

Defendant Michael R. Sheldon, through counsel undersigned, responds to Plaintiff's First Request for Admissions to Defendant Michael R. Sheldon as follows.

**Request for Admission No. 1:** After you became CEO of ASH, and before the ASH Administration issued the Denial Letter, you did not conduct, nor did you direct the ASH Administration to conduct an investigation of the conclusions asserted by Aaron Bowen

in his Particularized Assessment Letter, including, but not limited to conducting a review of Plaintiff's patient charts at ASH.

☒ Admit ☐ Deny

**Sheldon was the Chief Operating Officer at the ASH when the Particularized Assessment was conducted and aware of the facts and information supporting its conclusions. Sheldon is, and was aware, of Solan's treatment notes, progress notes, and the incident reports pertaining to Solan. There is and was no reason to investigate the conclusions of the Particularized Assessment.**

**Request for Admission No. 2:** The security camera recordings from the ASH Cottonwood day room and dining area, converting [sic] May 22, 2024, were Altered by an ASH Employee.

☐ Admit ☒ Deny

**The security camera footage at ASH is retained or recoverable for up to about 90 days. After that time, the footage is automatically overwritten by new recordings. If a complaint or an incident occurs at ASH and is reported to administration, then the recordings relevant to the complaint or incident are set aside and saved from automatic deletion.**

**Request for Admission No. 3:** To the best of your knowledge, Dr. Stephen Morris never testified or produced any Record stating that he believed Plaintiff's relationship with Foxy I was sexual in nature.

☒ Admit ☐ Deny

**Defendant objects to this request for admission on the grounds that it is vague and ambiguous. Specifically, it is unclear what "never testified or produced any Record" means in this context. Moreover, Defendant is unable to admit or deny what another person did or may have done. That said, Plaintiff's treatment notes, progress notes, and incident reports regarding Plaintiff indicate there may have been an inappropriate relationship between Plaintiff and Foxy and that there may**

**be a risk of future abuse. Please also see Defendants' Disclosures including DF441-DF445 and DF448-DF482.**

**Request for Admission No. 4:** To the best of your knowledge, none of the licensed providers, who presently or previously served as members of Plaintiff's treatment team, testified or produced any Record prior to June 14, 2025, stating or implying that they the [sic] Plaintiff's relationship with Foxy I or Foxy II was sexual in nature.

☒ Admit ☐ Deny

**Sheldon objects to this request for admission on the grounds that it is vague and ambiguous. ASH employees have not produced a record stating their personal belief as to whether Solan has or desires to engaged in a sexual relationship with Foxy. However, ASH employees have recorded Solan's statements to them in which he refers to Foxy as his wife and discusses the sexual nature of his relationship with her. Please see DF441-DF445 and DF448-DF482.**

**Request for Admission No. 5:** To the best of your knowledge, none of the incident reports or progress notes cited in the Particularized Assessment Letter were interpreted, in writing, by any of the Plaintiff's licensed medical providers, as indicating that the Plaintiff has had, has intended to have, or is at risk of having sexual relations with Foxy I or Foxy II.

☐ Admit ☒ Deny

**Sheldon objects to this request for admission on the grounds that it is vague and ambiguous. It is unclear what "were interpreted, in writing" means. The treatment notes, progress notes, and incident reports regarding Solan indicate there may have been an inappropriate relationship between him and his dog, Foxy, and that there may be a risk of future abuse. The Particularized Assessment contains the result of Dr. Aaron Bowen's, a licensed medical provider and former ASH CEO, review and interpretation of the treatment notes, progress notes, and incident notes pertaining to Solan and Foxy. Please also see Defendants' Disclosures including DF441-DF445, DF448-DF482, and DF578-DF587.**

**Request for Admission No. 6:** Before the Denial Letter was issued, you did not review any evidence that demonstrated an actual risk that the Plaintiff would have sexual relations with Foxy II if she were admitted to live with him at ASH.

☐ Admit ☒ Deny

**Sheldon reviewed the prior Particularized Assessment, Solan's treatment and progress notes, and many incident reports pertaining to Solan before issuing the Denial Letter. Those records indicate that there may have been an inappropriate relationship between Solan and his dog, Foxy, and that there may be a risk of future abuse. Please also see the Particularized Assessment at DF588-DF595 and Defendants' Disclosures including DF441-DF445 and DF448-DF482.**

**Request for Admission No. 7:** You prohibited the Plaintiff from having a food visit with Foxy II on July 17, 2024, without conducting any individualized assessment to determine if the Plaintiff visiting with Foxy II for a food visit would pose any risk to the Plaintiff, to Foxy II, or to any other person, or would fundamentally alter the nature of ASH's services.

☒ Admit ☐ Deny

**Defendant objects to this request on the basis that it is irrelevant and outside the scope of this litigation. Whether a person or an animal is authorized to visit the ASH is not relevant to the issues in this litigation and an individualized assessment is not necessary to deny visitation.**

**Request for Admission No. 8:** ASH was, as of September, 2023, unable to meet the developmental-disability related needs of patients with a primary diagnosis of Autism Spectrum Disorder.

☐ Admit ☒ Deny

**The ASH has been equipped to treat patients with Autism for decades including the times up and around September 2023. The ASH continues to be able to meet the needs of patients with Autism. The ASH employs many qualified providers including psychiatrists, psychologists, nurses, and masters-level**

**therapists who can provide treatment to patients with Autism. Solan, however, continually refuses to receive and participate in treatment.**

**Request for Admission No. 9:** ASH is presently unable to meet the developmental-disability related needs of patients with a primary diagnosis of Autism Spectrum Disorder.

☐ Admit ☒ Deny

**The ASH is able to meet the needs of patients with Autism. The ASH employs many qualified providers including psychiatrists, psychologists, nurses, and masters-level therapists who can treat patients with Autism. That said, Solan is not a patient at the ASH because of an Autism diagnosis—he is a patient because of his other disorders that rendered him guilty except insane. Nevertheless, the ASH seeks to provide treatment for Solan's Autism but he continually refuses to receive and participate in that treatment.**

Respectfully submitted this 20th day of January, 2026.

Arizona Attorney General's Office

/s/ Jordan Kendall

Ann Hobart
Jordan Kendall
Assistant Attorneys General
Attorneys for Defendants

EMAILED and MAILED
this 20th day of January, 2026, to:

Matthew P. Solan
c/o Arizona State Hospital
501 N. 24th Street
Phoenix, Arizona 85008-6056
legal@fox-ranch.com
Plaintiff

/s/ Jordan Kendall