# EXHIBIT 1

**NOT FOR PUBLICATION**

FILED

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATTHEW PHILLIP SOLAN,

Plaintiff - Appellant,

v.

STATE OF ARIZONA; MICHAEL R. SHELDON; AARON BOWEN; LEA'CHER CARTER; UNIQUE COLEMAN,

Defendants - Appellees,

and

JENNIFER L. CUNICO, CALVIN J. FLOWERS, STEVEN KWOH, KINDRA OCHOA, UNKNOWN PARTIES,

Defendants.

No. 25-3769

D.C. No.
2:24-cv-02061-JJT-DMF

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 30, 2026**

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Matthew Phillip Solan appeals the denial of a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We assume the parties' familiarity with the facts and affirm.

1. The district court did not apply an overly restrictive standard to Solan's reasonable-accommodation claims under the Americans with Disability Act ("ADA"). The district court denied Solan's motion for lack of a likelihood of success on the merits, which is a necessary precondition for relief. *See Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031, 1039 (9th Cir. 2024). Solan cites no authority that preliminary injunctions under the ADA require a lesser showing on the merits.

2. The district court did not improperly impose a "medical necessity" test for a plaintiff to be entitled to a service animal under the ADA. Although it referenced the medical necessity of allowing Solan to keep his dog, "Foxy II," while in confinement at the state hospital, it did not create a new test. Rather, in considering whether Solan was denied the benefits of the hospital's services, programs, or activities, *Duffy v. Riveland*, 98 F.3d 447, 455–56 (9th Cir. 1996), it applied the ADA's regulatory text to consider whether Solan's requested accommodation was "necessary" to prevent disability discrimination, 28 C.F.R. § 35.130(b)(7)(i).

3. The district court properly relied on statements of one of Arizona's

psychiatrists in finding that Foxy II would hinder, rather than further, Solan's mental health treatment. Factual findings in a denial of a preliminary injunction are reviewed for clear error. *Doe v. Snyder*, 28 F.4th 103, 106 (9th Cir. 2022). Findings are clearly erroneous only if "illogical, implausible, or without support in . . . the record." *Id.* District courts may consider hearsay and other potentially inadmissible evidence at the preliminary-injunction stage. *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). So even assuming the statements Solan objects to are hearsay or would ultimately be held inadmissible, the district court was entitled to give them weight in considering likelihood of success on the merits. And the district court was entitled to disregard contrary evidence proffered by Solan. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422–23 (9th Cir. 1984) (upholding a preliminary injunction even though the trial court acknowledged the then-existing record would not have met the plaintiff's burden of proof at trial). Thus the district court's findings are not "illogical, implausible, or without support in . . . the record." *Doe*, 28 F.4th at 106.

4. For similar reasons, the district court properly relied on Solan's alleged out-of-court statements in finding that his requested accommodation would "fundamentally alter" the nature of Arizona's services and thus excuse Arizona from granting his request. *See* 28 C.F.R. § 35.130(a)(3), (b)(7)(i). Even though Solan denies making such statements and put forward evidence contesting Arizona's

concerns that Solan would act inappropriately with Foxy II, the district court was entitled to weigh the evidence in Arizona's favor. *See Johnson*, 572 F.3d at 1083; *Sierra On-Line*, 739 F.2d at 1422–23. Accordingly, the district court's findings are not "illogical, implausible, or without support in . . . the record." *Doe*, 28 F.4th at 106.

5. The district court did not err when it struck Solan's motion for judicial notice or refused to consider state-court and state-agency orders that Solan alleges have preclusive effect here. Orders to strike are reviewed for abuse of discretion, *Sheet Metal Workers' Int'l Ass'n Loc. Union No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186, 1193 (9th Cir. 1996), and we see no such abuse here. And even if the district court did abuse its discretion, any error was harmless because none of the elements of issue preclusion were met: the order was *ex parte* and thus was not actually litigated, there was no final judgment on the merits, and the defendants here were not parties or in privity with parties to the previous proceeding. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (noting that harmless errors are not subject to reversal); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (setting out elements of preclusion).

6. We need not reach Solan's arguments that the injunction-limiting provisions of the Prison Litigation Reform Act do not apply to him because the issue is unnecessary to our decision. *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100,

1113 n.6 (9th Cir. 2016). The district court denied Solan's motion for lack of likelihood of success on the merits, not because he sought overbroad relief.

The denial of a preliminary injunction is **AFFIRMED**. Solan's motion for judicial notice, Dkt. 7, is **DENIED** as unnecessary because the proffered documents are already in the record on appeal. *See* Fed. R. App. P. 10(a)(1). Solan's motion for an expedited ruling, Dkt. 26, is **DENIED** as moot. Finally, the Clerk is hereby ordered to **STRIKE** Solan's Reply, Dkt. 24, for failure to conform to the rules regarding the proper form and content of appendices to briefs. *See* Fed. R. App. P. 10(a), 32(b)(2).