Ann Hobart, Bar No. 019129
Jordan Kendall, Bar No. 038647
Assistant Attorneys General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-8347
(602) 542-7687
Facsimile: (602) 542-7644
Ann.Hobart@azag.gov
Jordan.Kendall@azag.gov
EmploymentLaw@azag.gov

Attorneys for Defendants State of Arizona,
Michael R. Sheldon, Aaron Bowen, Lea'cher Carter,
and Unique Coleman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Phillip Solan,<br><br>Plaintiff,<br><br>vs.<br><br>The State of Arizona; Jennifer L. Cunico; Michael R. Sheldon; Aaron Bowen, Calvin J. Flowers; Steven Kwoh; Kindra Ochoa, Lea'cher Carter, Unique Coleman; John Does 1-100; Jane Does 1-100; Black Corporations 1-10; and White Entities 1-10,<br><br>Defendants. | Case No: CV24-02061-JJT-DMF<br><br>**DEFENDANTS' CONTROVERTING STATEMENT OF FACTS** |

Pursuant to LRCiv 56.1(b), Defendants State of Arizona, Michael R. Sheldon, Aaron Bowen, Lea'cher Carter, and Unique Coleman hereby submit their Controverting Statement of Facts in support of their Response to Plaintiff's Motion for Summary Judgment.

1. Defendants do not dispute that Solan is an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102.

2. Undisputed.

3. Immaterial.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed that Plaintiff correctly cited the Court's decision on Plaintiff's motion for preliminary injunction in *Solan I.*

11. Undisputed that Plaintiff correctly cited the Court's decision on Plaintiff's motion for preliminary injunction in *Solan I.*

12. Unsupported with admissible evidence.

13. Undisputed but immaterial.

14. Undisputed but immaterial.

15. Undisputed but immaterial.

16. Undisputed but immaterial.

17. Undisputed but immaterial.

18. Undisputed but immaterial.

19. Undisputed but immaterial.

20. Undisputed but immaterial.

21. Undisputed.

22. Dispute that Plaintiff has supported with admissible evidence that All Dogs Unleashed provided Foxy II with "foundational service animal skills."

23. Undisputed but immaterial.

24. Dispute that Plaintiff has supported with admissible evidence that "Mr. Cowsert finished Foxy II's task training."

25. Dispute that Plaintiff has supported with admissible evidence that Cowsert trained Foxy II to perform deep pressure therapy ("DPT").

26. Undisputed but immaterial.

27. Undisputed but immaterial.

28. Dispute that Plaintiff has supported with admissible evidence that Foxy II possesses all the qualities of a service animal specifically for Plaintiff.

29. Dispute that Plaintiff has supported with admissible evidence that Foxy II possesses all the qualities of a service animal and is specifically trained for Plaintiff.

30. Dispute that Plaintiff has supported with admissible evidence that Foxy II is a fully trained service dog prepared to serve Plaintiff.

31. Dispute that Alliance of Therapy Dogs ("ATD") provided animal therapy services to patients at the Arizona State Hospital ("ASH"). ATD provided animal assisted activities, not therapy. Dispute that Plaintiff has supported with admissible evidence his assertion in ¶ 31.

32. Dispute that Alliance of Therapy Dogs ("ATD") provided animal therapy services to patients at the Arizona State Hospital ("ASH"). ATD provided animal assisted activities, not therapy. Dispute that Plaintiff has supported with admissible evidence his assertion in ¶ 32.

33. Undisputed but immaterial.

34. Undisputed but immaterial.

35. Dispute that Plaintiff has supported with admissible evidence that "Foxy II could be safely handled, was clean and well groomed, did not bark any people or other dogs, showed no signs of aggression, accepted stroking of her head, body, and tail, touching of her paws, scratching and petting of her throat, holder her hears, and being held; and demonstrated appropriate skills to interact with people in animal assisted functions." Moreover, this is immaterial.

36. Undisputed but immaterial.

37. Dispute that Plaintiff has supported with admissible evidence that he spoke to ever patient on the Cottonwood unit and that they each told him that they supported Foxy II living on the unit. This is also immaterial.

38. Undisputed but immaterial.

39. Dispute that Plaintiff has supported with admissible evidence that the average head count at the Forensic Hospital was 114 patients. Regardless, this is immaterial.

40. Dispute that Plaintiff has supported with admissible evidence that his treatment team recommended animal therapy.

41. Dispute that Plaintiff has supported this allegation with admissible evidence.

42. Dispute that Plaintiff has supported this allegation with admissible evidence.

43. Dispute that Plaintiff has supported this allegation with admissible evidence.

44. Dispute that Plaintiff has supported this allegation with admissible evidence.

45. Dispute that Plaintiff has supported this allegation with admissible evidence.

46. Dispute that Plaintiff has supported this allegation with admissible evidence.

47. Dispute that Plaintiff has supported this allegation with admissible evidence.

48. Dispute that Plaintiff has supported this allegation with admissible evidence.

49. Dispute that Plaintiff has supported this allegation with admissible evidence.

50. Dispute that Plaintiff has supported this allegation with admissible evidence.

51. Dispute that Plaintiff has supported this allegation with admissible evidence.

52. Dispute that Plaintiff has supported this allegation with admissible evidence.

53. Dispute that Plaintiff has supported this allegation with admissible evidence.

54. Dispute that Plaintiff has supported this allegation with admissible evidence.

55. Dispute that Plaintiff has supported this allegation with admissible evidence. Regardless, this is immaterial to the present case.

56. Dispute that Plaintiff has supported this allegation with admissible evidence.

57. Dispute that Plaintiff has supported this allegation with admissible evidence. Plaintiff's former attorney was not disclosed as a potential witness and therefore cannot provide a declaration here. *See* Fed. R. Civ. P. 37(c).

58. Dispute that Plaintiff has supported this allegation with admissible evidence. Plaintiff's former attorney was not disclosed as a potential witness and therefore cannot provide a declaration here. *See* Fed. R. Civ. P. 37(c).

59. Dispute that Plaintiff has supported this allegation with any admissible evidence.

60. Dispute that Plaintiff has supported this allegation with admissible evidence. Plaintiff's declaration has multiple paragraphs identified as number 36. Regardless, Plaintiff has not produced any evidence beyond his own allegations/declaration.

61. Dispute that Plaintiff has supported this allegation with any admissible evidence. Plaintiff's declaration has multiple paragraphs identified as number 36.

Regardless, Plaintiff has not produced any evidence beyond his own allegations/declaration.

62. Dispute that Plaintiff has supported this allegation with any admissible evidence. Plaintiff's declaration has multiple paragraphs identified as number 36. Regardless, Plaintiff has not produced any evidence beyond his own allegations/declaration.

63. Undisputed.

64. Undisputed.

65. Undisputed.

66. Undisputed but immaterial.

67. Undisputed but immaterial.

68. Dispute that Plaintiff has supported with admissible evidence that Mr. Cowsert was excluded from visiting Plaintiff at ASH. Regardless, this statement is immaterial.

69. Dispute that Plaintiff has supported with admissible evidences that Foxy II's services are essential to his independent functioning or undeniably therapeutic to Plaintiff.

70. Dispute that this statement is admissible. Plaintiff's mother was not disclosed as a potential witness and she is not eligible to make a declaration in this matter. *See* Fed. R. Civ. P. 37(c). Moreover, her alleged declaration is immaterial.

71. Dispute that Plaintiff has supported with admissible evidence that his therapeutic relationship with ASH staff was destroyed because of Foxy II's exclusion.

72. Undisputed that Plaintiff has engaged in self-injurious behaviors. Dispute that Plaintiff has supported with admissible evidence that his self-injurious behaviors were due to separation from Foxy II.

73. Dispute that Plaintiff has supported with admissible evidence that had Foxy II been present, she would have prevented Plaintiff's self-injurious behaviors.

74. Dispute that Plaintiff has supported this allegation with admissible evidence.

75. Undisputed.

76. Undisputed.

77. Undisputed but immaterial.

78. Undisputed.

79. Undisputed.

80. Undisputed.

81. Undisputed.

82. Undisputed.

83. Undisputed.

84. Undisputed.

85. Undisputed.

86. Undisputed.

87. Undisputed.

88. Undisputed.

89. Undisputed.

90. Undisputed.

91. Undisputed.

92. Undisputed but immaterial.

93. Undisputed but immaterial.

94. Undisputed but immaterial.

95. Undisputed.

96. Undisputed.

97. Undisputed.

98. Undisputed.

99. Undisputed.

100. Undisputed.

101. Undisputed.

102. Undisputed.

103. Undisputed.

104. Undisputed but immaterial.

105. Dispute that Plaintiff has supported with admissible evidence that the ASH violated the ADA in *Solan I.* Plaintiff cites a court order that granted a preliminary injunction and required the ASH to conduct a particularized assessment regarding Plaintiff's request to have Foxy I live at the ASH. Moreover, this is immaterial to the present matter.

106. Dispute that Plaintiff has supported with admissible evidence that ASH engaged in any unlawful conduct. Defendant does not dispute that allowing Foxy I into the ASH would have required fundamentally alteration.

107. Undisputed but immaterial.

108. Undisputed but immaterial.

109. Undisputed but immaterial.

110. Undisputed but immaterial.

111. Undisputed but immaterial.

112. Dispute that Plaintiff has supported with admissible evidence that Dr. Brimlow told Plaintiff that ASH was not able to accommodate his autism. The admissible evidence Plaintiff cites only states that Plaintiff has autism, not that the ASH cannot treat him.

113. Dispute that Plaintiff has supported with admissible evidence that the ASH could not accommodate or treat his autism.

114. Dispute that Plaintiff has supported this allegation with admissible evidence.

115. Dispute that Plaintiff has supported this allegation with admissible evidence.

116. Dispute that Plaintiff has supported this allegation with admissible evidence.

117. Dispute that Plaintiff has supported this allegation with admissible evidence.

118. Dispute that Plaintiff has supported this allegation with admissible evidence.

119. Dispute that Plaintiff has supported this allegation with admissible evidence.

120. Dispute that Plaintiff has supported with admissible evidence that the ASH fails to treat autism.

121. Dispute that Plaintiff has supported this allegation with admissible evidence. Moreover, this is immaterial.

122. Dispute that Plaintiff has supported this allegation with admissible evidence. Defendant offered or provided autism-informed treatment to Plaintiff but Plaintiff would not participate in treatment.

123. Dispute that Plaintiff has supported this allegation with admissible evidence. Defendant offered or provided autism-informed treatment to Plaintiff but Plaintiff would not participate in treatment.

124. Dispute that Plaintiff has supported with admissible evidence that he was not provided autism-informed treatment.

125. Dispute that Plaintiff has supported with admissible evidence that ASH did not have treatment providers who provide treatment for individuals with autism.

126. Undisputed but immaterial.

127. Dispute that Plaintiff has supported with admissible evidence that Dr. Morris told Plaintiff that he supported Plaintiff having Foxy I at the ASH instead of what Dr. Morris testified to. Moreover, this is immaterial.

128. Undisputed but immaterial.

129. Undisputed but immaterial.

130. Undisputed but immaterial.

131. Undisputed.

132. Undisputed but incomplete. Dr. Bowen stated that "ASH's employees have recorded Plaintiff's statements to them in which he refers to Foxy as his wife and discusses the sexual nature of his relationship with her. Please *see* DF441-DF445 and DF448-DF482." Doc. 114 at 148.

133. Undisputed but incomplete. Dr. Sheldon stated that "ASH's employees have recorded Plaintiff's statements to them in which he refers to Foxy as his wife and discusses the sexual nature of his relationship with her. Please *see* DF441-DF445 and DF448-DF482." Doc. 114 at 153-154.

134. Undisputed but immaterial.

135. Dispute that Plaintiff has supported with admissible evidence that the ASH tried to fix Plaintiff's identity, unjustly excluded Foxy I or Foxy II from the ASH, or attacked Plaintiff's relationship with Foxy I or Foxy II.

136. Dispute that Plaintiff has supported with admissible evidence his allegation that Defendants improperly excluded Foxy II from the ASH or defamed him.

137. Dispute that Plaintiff has supported this allegation with admissible evidence. Daniel Alverez was not disclosed as a potential witness and therefore cannot provide a declaration. Plaintiff's recitation of his declaration is inadmissible hearsay.

138. Dispute that Plaintiff served written discovery on December 16, 2025. Plaintiff mailed written discovery requests were postmarked December 17, 2025. Defendant's timely responded to his discovery requests. *See* Docs. 92 and 96.

139. Dispute that Plaintiff has supported with admissible evidence that Defendant Coleman "does not deny that she accused Plaintiff of eating 'dog p***y' or 'dog a**.'" Instead, Defendant Coleman expressly denied making statements "to the effect that Plaintiff had engaged in sexual conduct with a dog." *See* Doc. 66-4 at 18-19.

140. Dispute that Plaintiff has supported with admissible evidence that he "never told Coleman or stated in her presence that Foxy was his wife, and never told

Coleman or spoke in her presence of sexual conduce between himself and his dog." Coleman testified that she "heard Plaintiff state that his dog, Foxy, is his wife and has heard Plaintiff speak of sexual conduct between himself and his dog."

141. Dispute that Plaintiff has supported with admissible evidence that he "has never told anyone that he had engaged in sexual conduct with a dog, has never told anyone that he had a desire or intent to engage in sexual conduct with a dog and has no interest in engaging in sexual conduct with a dog."

142. Undisputed.

143. Undisputed.

144. Dispute that Plaintiff has supported with admissible evidence this allegation. Regardless, it is immaterial. Domenick Aldrich, and other Psychiatric Nursing Unit Managers, were not part of the ASH administration. *See* Doc. 114 at 172

145. Dispute that Plaintiff has supported with admissible evidence whatever it is he is alleging would be inconceivable for Dr. Bowen and Dr. Sheldon to not have heard about.

146. Dispute that Plaintiff has supported with admissible evidence that Defendants Carter and Coleman ever stated that Plaintiff "eats dog p***y, eats dog a**, and f***s dogs." Dispute that Plaintiff has supported with admissible evidence that the ASH propagandized anything pertaining to Plaintiff's behavior or alleged behavior with his dog, Foxy. Dispute that Plaintiff has supported with admissible evidence that he was defamed by Defendants.

147. Undisputed but immaterial and incomplete. The ASH has policies regarding accommodations and the Americans with Disabilities Act that would cover service animal requests.

//

//

//

//

Respectfully submitted this 28th day of September, 2025.

Arizona Attorney General's Office

/s/ Jordan Kendall
Ann Hobart
Jordan Kendall
Assistant Attorneys General
Attorneys for Defendants

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing this 28th day of September, 2026.

COPY emailed this 28th day of September, 2026, and MAILED this 29th day of September to:

Matthew P. Solan
2121 East Valencia Road,
Williams, Arizona 86046
legal@fox-ranch.com
Plaintiff

COPY of the foregoing mailed this 29th day of September, 2026, to:

The Honorable Deborah M. Fine
U.S. District Court, Suite 321
401 W. Washington Street, SPC 15
Phoenix, AZ 85003-2120

/s/ Jordan Kendall