SKC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Matthew Phillip Solan,
Plaintiff,
v.
Arizona, State of, et al.,
Defendants.

No. CV-24-02061-PHX-JJT (DMF)

**ORDER AND**
**RENEWED ORDER TO SHOW CAUSE**

Plaintiff Matthew Phillip Solan, who was confined in the Arizona State Hospital (ASH), brought this *pro se* civil rights action pursuant to the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and state tort law. (Doc. 1.) Plaintiff is no longer in state custody. (*See* Docs. 121, 130.) Pending before the Court are Plaintiff's Motion for Order to Show Cause, which the Court construes as a Motion for Preliminary Injunction (Doc. 75), and Plaintiff's Motion for Extension of Time (Doc. 130) to file a Reply in support of his Motion for Summary Judgment.[1]

## I. Background

On March 12, 2020, Plaintiff was convicted of aggravated assault in Coconino County Superior Court and was sentenced to a 7.5-year prison term, but because he was found Guilty Except Insane, he was instead committed to ASH. (*See* Doc. 8 at 3.) In his 17-count First Amended Complaint (FAC), Plaintiff sues the State of Arizona and several

[1] Also pending are both parties' Motions for Summary Judgment (Docs. 65, 113), which the Court will address by separate Order when briefing on both Motions is complete.

individual Defendants, based on their alleged denials of Plaintiff's requests for a service animal and their alleged false and defamatory statements. (Doc. 6.) As relevant here, on screening the FAC under 28 U.S.C. § 1915A(a), the Court determined Plaintiff stated ADA and RA claims against the State in Counts One and Four.

On July 27, 2026, Plaintiff filed a Notice of Change of Address, updating his address from ASH to a private address in Williams, Arizona. (Doc. 121.)

**II. Plaintiff's Motion for Preliminary Injunction/Prior Order to Show Cause**

In his Motion for Preliminary Injunction, Plaintiff sought relief directing Defendants not to obstruct his access to personal legal documents, deprive him of office supplies, or interfere with his U.S. Mail. (Doc. 75.) Because it appeared from Plaintiff's subsequent Notice of Change of Address that Plaintiff was no longer in state custody, the Court ordered Plaintiff to show cause why his Motion for Preliminary Injunction should not be denied as moot. (Doc. 129.) Plaintiff did not timely respond to the Order to Show Cause; however, in his Motion for Extension of Time, he confirms that he has been "discharge[d] from ASH" and has been "living off-grid in rural northern Arizona." (Doc. 130 at 1.)

Because it is now clear that Plaintiff is no longer in custody, Plaintiff's request for relief regarding his access to legal documents, office supplies, and mail at ASH is moot. A case is moot, and a court lacks jurisdiction over the matter if there is no longer a "live" controversy between the parties because they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Questions of mootness regarding injunctive relief are viewed "in light of the present circumstances." *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

Based on the above, the Court will deny as moot Plaintiff's Motion for Preliminary Injunction and will discharge Plaintiff of his obligation to respond to the Court's Order to Show Cause.

. . . .

. . . .

**III. Renewed Order to Show Cause**

Plaintiff's release from state custody also appears to moot his ADA and RA claims based on Defendants' refusal to accommodate his request for a service animal at ASH; however, neither party has addressed this issue. Even though Plaintiff filed his Notice of Change of Address on July 27, 2026, and Defendants responded to Plaintiff's Motion for Summary Judgment and replied to Plaintiff's Response to Defendants' Motion for Summary Judgment more than two months later, on September 28, 2026 (*see* Docs. 126, 128), Defendants never apprised the Court of Plaintiff's release or argued that this change in circumstances mooted Plaintiff's ADA and RA claims.

Nonetheless, the Court's Article III jurisdiction depends on whether there is a continuing "case or controversy," *see Pub. Util. Comm' n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996), and when a question before the court is mooted by a change in circumstances, there is no justiciable controversy. *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Under such circumstances, the Court is obligated to determine whether a case or controversy continues to exist, and if not, to dismiss the mooted claims. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Accordingly, the Court will require Plaintiff to show cause why his release from state custody does not moot his ADA and RA claims. The Court will additionally permit Defendants to reply to Plaintiff's response.

**IV. Plaintiff's Motion for Extension of Time**

In his unopposed Motion for Extension of Time, Plaintiff seeks a 30-day extension of time to reply to Defendants' Response to his Motion for Summary Judgment. (Doc. 130 at 1.) Plaintiff states that, since his discharge from ASH and relocation to a remote location, he must now travel 20 miles on dirt roads to send and receive mail; consequently, he did not receive Defendants' Response to his Motion for Summary Judgment until October 3, 2026. (*Id.*) He also states that he has had to establish basic infrastructure—such as power, water, and internet—needed for daily living and to prepare court filings,

and although his residence is "becoming operational" in these areas, the requested 30-day extension is needed to allow him a fair opportunity to research the issues raised in Defendants' Response and prepare his Reply. (*Id.* at 1–2.)

For good cause shown, the Court will grant the Motion for Extension of Time and will give Plaintiff an additional 30 days from the date this Order is filed to file both his Reply to Defendants' Response to his Motion for Summary Judgment and his Response to the Court's Renewed Order to Show Cause.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Order to Show Cause, which the Court construes as a Motion for Preliminary Injunction (Doc. 75), and Plaintiff's Motion for Extension of Time (Doc. 130).

(2) Plaintiff's Motion for Preliminary Injunction (Doc. 75) is **denied** as moot.

(3) Plaintiff is **discharged** of his obligation to respond to the Court's Order to Show Cause at Doc. 129.

(4) Within **30 days** of this Order, Plaintiff must **show cause** why his release from custody does not moot his ADA and RA claims in this action; Defendants will have **14 days** after Plaintiff files his Response to file a Reply.

(5) Plaintiff's Motion for Extension of Time (Doc. 130) is **granted**; Plaintiff will also have **30 days** from the date of this Order to file his Reply to Defendants' Response to his Motion for Summary Judgment.

Dated this 23rd day of October, 2026.

Honorable John J. Tuchi
United States District Judge